Receipt Number
53696.2

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSICO,

        Plaintiff,

vs.

SEARS HOLDING f/k/a KMART
HOLDING, a corporation,

        Defendant.

_____/

Case: 2:06-cv-10235
Assigned To : Rosen, Gerald E
Referral Judge: Capel, Wallace
Assign. Date : 01/18/2006
Description: cmp david marsico v.
sears holding f/k/a kmart holding (tam)

PITT, McGEHEE, MIRER, PALMER & RIVERS, P.C.
MICHAEL L. PITT P-24428
Attorney for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff David Marsico ("Marsico") files this complaint against defendant Sears

Holding for the following reasons:

### I. PARTIES, JURISDICTION AND VENUE

1.    Marsico is a resident of the State of Michigan, residing in Oakland County,

Michigan; defendant Sears Holding, formerly known as Kmart Holding, is a corporation

with its principal place of business in Illinois and is incorporated in a state other than

the State of Michigan.

2.    The jurisdiction of the court over this controversy is based on 28 U.S.C.

§1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967,

-1-

as amended, 29 U.S.C. §621 et. seq. ("ADEA") and 28 U.S.C. §1332(c) because Marsico is a citizen of the State of Michigan and Sears Holding has its principal place of business in Illinois and is incorporated in a state other than Michigan. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

3.    The venue of this court over this controversy is based on 28 U.S.C. §1391(d). Defendant Sears Holding ("Sears" or "the Company") is a corporation doing business in this judicial district within the meaning of 29 U.S.C. §1391(c) and, accordingly, venue lies in this judicial district.

4.    Defendant Sears is a corporation which transacts business and performs services in the State of Michigan. Sears is engaged in a industry affecting commerce as defined in §11(h) of the ADEA, 29 U.S.C. §630(h). Sears employs more than 25 employees. Sears has employed more than 25 employees at all times relevant to this action and, accordingly, is an employee within the meaning of the ADEA.

5.    Prior to the filing of this lawsuit, Marsico filed a timely written charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.    On November 8, 2005, the EEOC issued its right-to-sue letter in connection with Marsico's charge (#230-2005-02325). This lawsuit was filed within 90 days of Marsico's receipt of the right-to-sue letter issued by the EEOC.

## II. STATEMENT OF FACTS

7.    Marsico, born on August 10, 1949, began his employment with the predecessor of Sears in August of 1972.

-2-

8.     From his date of hire until the year 2000, Marsico had received numerous promotions and had worked his way up to the position of senior vice-president of sales and marketing.

9.     On May 1, 2002, Marsico was again promoted to the position of division president east.

10.    In the year 2002, Marsico was promoted to the position of senior vice-president of store operations.

11.    In September, 2003, president Julian Day ("Day") transferred Marsico to the position of vice-president of Super K Centers. Although he was losing his status as a senior vice-president as part of this transfer, Marsico's salary and benefits remained intact.

12.    Upon Marsico's transfer to the Super K position, Day assumed the responsibilities of senior vice-president of store operations at the time Marsico transferred to the position of vice-president of Super K Centers.

13.    In October of 2003, the company hired Dene Rogers, age 42, in a non-specified store operations position.    Rogers did not have retail store management experience.

14.    Marsico was instructed by Day to train Rogers in store operations.  In accordance with Day's instructions, Marsico undertook the responsibility of helping train Rogers.

15.    In March or April, 2004, Rogers was moved into the position of senior vice-president of store operations reporting to president Day. The regional vice-presidents, who

-3-

would normally report to the senior vice-president of store operations, continued to report directly to president Day. Marsico continued to report to Day in his role as VP of Super K Centers.

16.     Rogers, because of lack of experience in retail store management, worked with Norton as a team managing the retail store operations of the Company.

17.     In late June, 2004, Robert Norton was made senior vice-president of stores and Dene Rogers was made the senior V.P. - store operations.

18.     Approximately six weeks later, Norton was separated from the Company, creating an opening for the position of senior V.P. - store operations.

19.     Marsico, who was doing an outstanding job as vice-president in charge of Super K Centers, was not considered for the senior V.P. - store operations position even though he had outstanding performance in his previous employment as senior vice-president of store operations.

20.     The position of senior vice-president of store operations was eventually given to Rogers who did not, at that time, possess the experience necessary to successfully manager the Company's retail operations without substantial assistance from Day and other senior executives.

21.     Shortly after Rogers was made senior vice-president of store operations, Marsico was demoted from vice-president of Super K Centers (salary grade 33) to the position of regional vice-president (salary grade 30).  His base salary was reduced from $385,000.00 per year to $275,000.00 per year.

-4-

22.     At that time, Marsico started reported to Rogers, the person who Marsico helped train for the senior V.P. store operations position.

23.     Beginning in April, 2004, senior executives of the company encouraged Marsico to resign. For instance, in April, 2004, president Day said to Marsico, "if you want to leave, and I'm not suggesting this, but you may want to think about leaving, let me know if I can help".

24.     In August of 2004, Day said, "you are a good man and you've done an excellent job, but being here 30 years can hurt you. Eddie Lampert believes that someone who has been here for 30 years can't fix Kmart or they would have done so".

25.     Dene Rogers, who replaced Marsico as senior vice-president of store operations, told Marsico in November of 2004, that "I think you should look for another job".

26.     On January 28, 2005, Marsico met with Dave Whipple, senior vice-president of human resources, who informed Marsico that Rogers was not recommending Marsico for a position in the newly-merged company known as Sears Holding.

27.     On February 16, 2005, Marsico resigned as regional vice-president stating:

- ". . . since being replaced in my former position by a younger man (Rogers) the working environment has become increasingly intolerable."

- "There have been comments made to me, such as, 'you have been here a long time' or 'you should think about leaving', or 'you need to find another job', or 'no one really cares about you anyway'".

28.     Based on the demotion, a substantial cut in pay and clear instructions that he should find another job and that he would not have a position with the newly-formed company, Marsico resigned because he had he remained employed he would have been subjected to intolerable working conditions.

29.     At the time of his constructive discharge, Marsico was earning $275,000.00 per year, plus substantial benefits. Had Marsico not been improperly demoted, his salary would have been $385,000.00, plus substantial benefits including bonuses, stock incentives, stock awards, medical insurance, paid vacations and other substantial benefits.

## COUNT I
## VIOLATION OF THE ADEA - DISPARATE TREATMENT

30.     Marsico incorporates by reference all the allegations contained above as though stated in full herein.

31.     The Company had a duty to refrain from discrimination against Marsico because of his age.

32.     Marsico was replaced in his position as senior vice-president of store operations by a younger person he was forced to help train and he was eventually demoted and subjected to intolerable working conditions because of his age.

33.     Marsico has suffered, and will continue to suffer, all the injuries and damages as alleged in paragraph 29  above.

Accordingly, Marsico requests the following relief:

-6-

A.   An order of the court awarding Marsico economic damages in an amount he is found to be entitled to in excess of $75,000.00

B.   An order of the court awarding Marsico liquidated damages for the company's willful violation of his rights under the ADEA.

C.   An order of the court awarding Marsico costs, attorney fees and interest.

D.   An order of the court awarding Marsico such other relief as the court deems just and equitable.

### COUNT II
### VIOLATION OF THE ADEA - DISPARATE IMPACT

34.   Marsico incorporates by reference all the above allegations.

35.   At all times relevant to this action, the company had a facially-neutral policy of terminating or demoting or otherwise adversely treating long-term employees.

36.   This policy had a disproportionate impact on employees who are in the protected age group under the ADEA.

37.   As a result of this disparate impact, Marsico was targeted for adverse treatment and forced to help train his younger replacement and was actually replaced in his position as senior vice-president of store operations; the company demoted and subjected him to intolerable working conditions resulting in all the injuries and damages as set forth in paragraph 29 above.

-7-

Accordingly, Marsico requests the following relief:

A.   An order of the court awarding Marsico economic damages in an amount he is found to be entitled to.

B.   An order of the court awarding Marsico liquidated damages for the company's willful violation of his rights under the ADEA.

C.   An order of the court awarding Marsico costs, attorney fees and interest.

D.   An order of the court awarding Marsico such other relief as the court deems just and equitable.

## COUNT III
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT - DISPARATE TREATMENT

38.   Marsico incorporates by reference all the allegations contained above as though stated in full herein.

39.   At all times relevant to this action, the company was subject to the Elliott-Larsen Civil Rights Act ("ELCRA").

40.   It was the duty of the Company to refrain from discriminating against Marsico because of his age.

41.   In violation of this duty, the Company forced Marsico to train a younger person as his replacement; the Company demoted him and subjected him to intolerable working conditions because of his age and he was subjected to a demotion.

-8-

42.    As a direct and proximate result of the company's age bias against Marsico, Marsico has suffered, and will continue to suffer, all the injuries and damages as set forth in Count I above.   Marsico is not requesting any compensation or damages for non-economic injuries.

Accordingly, Marsico requests the following relief:

A.    An order of the court awarding Marsico compensation for his economic losses.

B.    An order of the court awarding Marsico interest, costs and attorney fees.

C.    An order of the court awarding Marsico such other relief as the court deems just and equitable.

### COUNT IV
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL
### RIGHTS ACT - DISPARATE IMPACT

43.    Marsico incorporates all the above allegations as though stated in full herein.

44.    The company had a facially-mutual policy of terminating, demoting or otherwise adversely affecting long-term employees.

45.    This neutral policy had a disproportionate impact on its older employees.

46.    Marsico was adversely impacted by this policy and has suffered all the injuries and damages as set forth in paragraph 29 above.   Marsico is not seeking any damages or compensation for non-economic injuries.

Accordingly, Marsico requests the following relief:

A. An order of the court awarding Marsico compensation for his economic losses.

B. An order of the court awarding Marsico interest, costs and attorney fees.

C. An order of the court awarding Marsico such other relief as the court deems just and equitable.

PITT, DOWTY, McGEHEE, MIRER & PALMER, P.C.

By: _____

MICHAEL L. PITT P-24429
Attorney for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

DATED: January 18, 2006

## JURY DEMAND

Plaintiff herein demands a trial by jury of all issues to the within cause of action.

PITT, DOWTY, McGEHEE, MIRER & PALMER, P.C.

By: _____

MICHAEL L. PITT (P24429)
Attorney for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800

DATED: January 18, 2006

-10-

JS 44 11/99 **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: OAKLAND

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

### I. (a) PLAINTIFFS

DAVID MARSICO

**(b)** County of Residence of First Listed: OAKLAND

26/25

**(c)** Attorneys (Name, Address and Telephone Number)

MICHAEL L. PITT P-24429
117 WEST FOURTH ST., STE. 200
ROYAL OAK, MI 48067 (248) 398-9800

### DEFENDANTS

SEARS HOLDING f/k/a KMART HOLDING

County of Residence of First Listed
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. Section 621 et. seq.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $ DEMAND $75,000   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/18/2006   SIGNATURE OF ATTORNEY OF RECORD   X _____

## PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?   ❑ Yes
    ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


2.  Other than stated above, are there any pending or previously
    discontinued or dismissed companion cases in this or any   ❑ Yes
    other court, including state court? (Companion cases are   ☒ No
    matters in which it appears substantially similar evidence will
    be offered or the same or related parties are present and the
    cases arise out of the same transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


Notes: