UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSICO,

    PLAINTIFF,

v.                                                    CASE NO. 06-10235

SEARS HOLDING f/k/a KMART           HONORABLE SEAN F. COX
HOLDING, a corporation,

    DEFENDANT.
_____/

**OPINION & ORDER**
**AFFIRMING MAGISTRATE JUDGE MORGAN'S JANUARY 17, 2007 ORDER**

On October 31, 2006, Plaintiff filed a discovery motion seeking to compel two depositions of Defendant's high-level officers. Pursuant to 28 U.S.C. § 636(B)(1)(A), the motion was referred to the Magistrate Judge assigned to this case for hearing and determination. Following full briefing by the parties and oral argument, Magistrate Judge Virginia Morgan issued an "Order Denying Plaintiff's Motion to Compel Depositions of Edward Lampert and William Crowley" on January 17, 2007. The matter is currently before the Court on Plaintiff's objections to that order, filed on February 1, 2007. Having reviewed Plaintiff's discovery motion, the transcript of the January 16, 2007 hearing before Magistrate Judge Morgan, her January 17, 2007 order, and Plaintiff's Objections, the Court finds that Magistrate Judge Morgan's rulings were not clearly erroneous or contrary to law. The Court shall therefore **AFFIRM** the January 17, 2007 Order.

1

BACKGROUND

In this lawsuit against his former employer, Sears Holding f/k/a Kmart Holding ("Defendant"), Plaintiff David Marsico ("Plaintiff") alleges that he was constructively discharged from his position with Defendant on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2101 *et seq*. Plaintiff claims that because of his age, he was removed from his position of senior vice-president ("SVP") and was replaced by a person 11 years younger. (*See* Pl.'s Motion to Compel Deps. at 1-2). He claims that he was removed from that position in anticipation of the hiring of Dene Rogers ("Rogers") to replace him in the position of SVP of store operations. Plaintiff further alleges that Rodgers was hired at the same time as his removal from his SVP position and assumed the position of head of store operations, with Plaintiff reporting to Rogers. Plaintiff claims that after management told him to pursue career objectives outside of the company, he followed such instructions and obtained a position with another employer. (*Id.*).

On October 31, 2006, Plaintiff filed a motion seeking to compel the depositions of Edward Lampert ("Lampert") and William Crowley ("Crowley"). Lampert is the Chairman of Defendant's Board of Directors and Crowley is its Chief Administrative Officer.

After full briefing by the parties, Magistrate Judge Morgan held a hearing on Plaintiff's motion on January 16, 2007. The transcript of that hearing is attached to Plaintiff's Objections as Exhibit 1.

Standard of Decision

A district court judge may designate a magistrate judge to hear and determine pretrial

matters pursuant to 28 U.S.C. §636(b)(1). When a magistrate judge hears and determines a non-dispositive motion (*i.e.*, one that is not enumerated in §636(b)(1)(A)), the district judge to whom the case is assigned may reconsider the order addressing that motion "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* FED. R. CIV. P. 72.

## ANALYSIS

"When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute." *Devlin v. Chemed Corp.*, 2005 WL 2313859 (E.D. Mich. 2005)(citing *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991); *Thomas v. International Business Machines*, 48 F.3d 478, 483-84 (10th Cir. 1995)).

"In the absence of a showing of unique personal knowledge, the circuit courts, including the Sixth Circuit, have upheld the entry of a protective order precluding the depositions of high level company executives." *Devlin, supra*, at *2; *see also Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)(upholding denial of plaintiff's request to depose high-ranking officer where there was no showing that individual was involved in the termination at issue); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989)(upholding district court's exercise of discretion in granting protective order barring plaintiffs from deposing their employer's chief executive officer, who lacked personal knowledge of relevant facts).

Magistrate Judge Morgan denied Plaintiff's motion because, after reviewing the parties' briefs and holding a hearing, she found that Plaintiff had not shown that Lambert or Crowley

3

were decision-makers with respect to Plaintiff's alleged constructive discharge and that Plaintiff had not shown that those individuals had any unique personal knowledge regarding the circumstances of Plaintiff's alleged constructive discharge. (1/16/07 Hearing Tr. at 24-25).

Plaintiff now objects to Magistrate Judge Morgan's ruling on several grounds. Plaintiff first asserts that the "court erred in requiring that Crowley and Lampert had to be decision-makers in order to be subject to a deposition." (Pl.'s Objs. at 2). Plaintiff states that such a requirement is "not supported by any legal authority." (*Id*.). In *Bush, supra*, however, the Sixth Circuit upheld a district court's denial of a request to depose a corporate officer because there had been no showing that officer was involved in the termination at issue. Moreover, Magistrate Judge Morgan's denial of Plaintiff's motion was not based solely on her finding that Lampert and Crowley were not decision-makers – her decision was also based on her finding that Plaintiff had not shown that those individuals have any unique personal knowledge. The Court therefore concludes that this objection has no merit.

Plaintiff also asserts that Magistrate Judge Morgan "erred in finding that Lampert and Crowley did not have unique personal knowledge." (Pl.'s Objs. at 5). Plaintiff's burden with respect to this ruling is to establish that Magistrate Judge Morgan's conclusion was "clearly erroneous." Plaintiff has failed to meet that burden.

The Court further rejects Plaintiff's objection that the "magistrate [judge] ignored the context in which Plaintiff sought depositions of the Defendant's high ranking executives." (Pl.'s Objs. at 6). The hearing transcript reflects that the Magistrate Judge understood and appreciated the discovery efforts to date in this action.

Next, Plaintiff asserts that it was inappropriate for Magistrate Judge Morgan to weigh the

evidence presented in determining whether Plaintiff is entitled to take the depositions of Crowley and Lampert. The court necessarily had to weigh and evaluate the competing arguments by counsel, and the purported evidence of personal knowledge submitted by Plaintiff. This objection is therefore without merit.

Finally, citing several cases from outside the Sixth Circuit, Plaintiff asserts that the Magistrate Judge improperly placed the burden on Plaintiff to justify these depositions. The Court rejects this objection and concludes that Magistrate Judge Morgan properly applied the above noted Sixth Circuit authority.

Accordingly, the Court finds that Plaintiff's objections are without merit and concludes that Plaintiff has failed to establish that Magistrate Judge Morgan's rulings were clearly erroneous or contrary to law. The Court shall therefore affirm the January 17, 2007 Order.

## CONCLUSION & ORDER

For the reasons set forth above, the Court hereby **AFFIRMS** Magistrate Judge Morgan's January 17, 2007 Order denying Plaintiff's Motion to Compel Depositions.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager